IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHARLES ZAREMBA V** | : |
| **Plaintiff,** | : Civil Action Number: |
| vs. | : |
| | : **Jury Trial Demanded** |
| **BIG TIME HOSPITALITY CONCEPTS, LLC d/b/a TRINITY CREOLE CAFÉ', and WILLIAM BRUNSON III,** | : |
| **Defendants.** | |

## COMPLAINT

Plaintiff, Charles Zaremba V (hereinafter "Plaintiff") by and through the undersigned counsel, brings this complaint against Defendants Big Time Hospitality Concepts, LLC d/b/a Trinity Creole Café (hereinafter "Trinity") and William Brunson III and (hereinafter "Brunson") and pleads as follows:

### INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA to (1) receive the minimum wage for work weeks in which the employer failed to pay him minimum wage and an additional like amount as liquidated damages; (2) recover the overtime pay that was denied him and an additional amount as

liquidated damages; and (3) for his costs of litigation, including his reasonable attorneys' fees.

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit, and (3) promissory estoppel.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Trinity is located in this judicial district; and a

substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Plaintiff resides within Cobb County, Georgia.

7.

Trinity employed Plaintiff at its restaurant in and around Kennesaw, GA from June 7, 2011 until December 31, 2011.

8.

At all times relevant to this suit, Plaintiff has been an "employee" of "Trinity" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about June 7, 2011 until December 31, 2011, Plaintiff has been "engaged in commerce" as an employee of Defendant Trinity as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

Defendant Trinity is a limited liability company organized under the laws of the State of Georgia.

11.

At all times material hereto, Defendant Trinity. has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

From on or about June 7, 2011 until December 31, 2011, Defendant Trinity was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a), and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2011, Defendant Trinity had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, Defendant Trinity had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2011, Defendant Trinity had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

At all times material hereto, Defendant Trinity has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

17.

Defendant Trinity is subject to the personal jurisdiction of this Court.

18.

Defendant Brunson resides within Douglas County, Georgia.

19.

At all times material hereto, Defendant Brunson exercised operational control over the work activities of Plaintiff.

20.

At all times material hereto, Defendant Brunson was involved in the day to day operation of the Trinity restaurant in which Plaintiff worked.

21.

At all times material hereto, Defendant Trinity vested Defendant Brunson with supervisory authority over Plaintiff.

22.

At all times material hereto, Defendant Brunson exercised supervisory authority over Plaintiff.

23.

At all times material hereto, Defendant Brunson scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

24.

At all times material hereto, Defendant Brunson exercised authority and supervision over Plaintiff's compensation.

25.

At all times material hereto, Defendant Brunson has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

26.

Defendant Brunson is subject to the personal jurisdiction of this Court.

27.

Defendants hired Plaintiff as a Chef on or about June 7, 2011.

28.

Plaintiff began working for Defendants on or about June 7, 2011 doing manual labor and construction work in order to ready the restaurant to be opened.

29.

Defendants advised Plaintiff that they would pay him a weekly wage for his services as a laborer.

30.

Plaintiff performed manual labor and construction work on behalf of and under the direction of Defendants from June 7, 2011 through August 2011.

31.

Trinity opened for business on or about October 6, 2011.

32.

During the initial construction phase, Defendants failed to pay Plaintiff as agreed.

33.

During the initial construction phase, Defendants failed to pay Plaintiff the minimum wage required by the FLSA.

34.

During the initial construction phase, Plaintiff worked in excess of forty hours per workweek.

35.

During the initial construction phase, Defendants failed to pay Plaintiff an overtime premium for work performed by Plaintiff beyond forty hours in each workweek as required by the FLSA.

36.

Once the restaurant opened on or about October 6, 2011, Plaintiff assumed his position as a Chef.

37.

After Plaintiff assumed his position as a Chef at Trinity, Defendants failed to pay Plaintiff as agreed.

38.

After Plaintiff assumed his position as a Chef at Trinity, Defendants failed to pay Plaintiff the minimum wage required by the FLSA.

39.

After Plaintiff assumed his position as a Chef at Trinity, Plaintiff worked in excess of forty hours per workweek.

40.

After Plaintiff assumed his position as a Chef at Trinity, Defendants failed to pay Plaintiff an overtime premium for work performed by Plaintiff beyond forty hours in each workweek as required by the FLSA.

41.

At all times relevant to this suit and while an employee of Defendant Trinity, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

42.

At all times relevant to this suit and while an employee of Defendant Trinity, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

43.

At all times relevant to this suit and while an employee of Defendant Trinity, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

44.

At all times relevant to this suit and while an employee of Defendant Trinity, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

45.

At all times relevant to this suit and while an employee of Defendant Trinity, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

### COUNT I — FAILURE TO PAY MINIMUM WAGE

46.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

47.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

48.

From on or about June 7, 2011 through December 31, 2011, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

49.

From on or about June 7, 2011 through December 31, 2011, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

50.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

51.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

52.

As a result of the underpayment of minimum wages, Defendants are liable to Plaintiff for her litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT II — FAILURE TO PAY OVERTME

53.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

54.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

55.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

56.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from June 7, 2011 through December 31, 2011.


57.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from June 7, 2011 through December 31, 2011.

58.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

59.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

60.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT III – BREACH OF CONTRACT
### AS TO DEFENDANT TRINITY

61.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

62.

Plaintiff and Defendant were parties to a contract of employment (hereafter "the Contract") from on or about June 7, 2011 through December 31, 2011.

63.

The Contract provided that Defendant would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

64.

Defendant's failure to pay Plaintiff for work performed from on or about June 7, 2011 through December 31, 2011 constitutes a material breach of the Contract.

65.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT IV – QUANTUM MERUIT
## AS TO DEFENDANT TRINITY

66.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

67.

From on or about June 7, 2011 through December 31, 2011, Plaintiff served as a laborer and a Chef for Defendant.

68.

Plaintiff's service a laborer and as a Chef for Defendant as described above was valuable to Defendant.

69.

Defendant requested Plaintiff's service as a laborer and a Chef.

70.

Defendant knowingly accepted Plaintiff's service as a laborer and a Chef.

71.

The receipt of Plaintiff's services as a laborer and a Chef for Defendant without compensation would be unjust.

72.

Plaintiff expected to be compensated at the time he provided his services as a laborer and a Chef.

73.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services he provided as a laborer and a Chef for Defendant, in an amount to be determined at trial.

## COUNT V - PROMISSORY ESTOPPEL
## AS TO DEFENDANT TRINITY

74.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

75.

On June 7, 2011, Defendant promised to pay Plaintiff in return for Plaintiff's service as a laborer and a Chef for them.

76.

Defendant reasonably should have expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a laborer and a Chef for Defendant.

77.

Defendant promise induced Plaintiff to act in reliance thereof, *i.e.,* to serve as a laborer and a Chef for Defendant, to his detriment.

78.

Plaintiff's service as a laborer and a Chef for Defendant conferred a benefit on Defendant.

79.

Defendant failed to pay Plaintiff in accordance with their promise.

80.

Plaintiff relied on Defendant's promise.

81.

Plaintiff's reliance on Defendant's promise was reasonable.

82.

Injustice can only be avoided by enforcement of Defendant's promise.

83.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services he provided as a laborer and a Chef for Defendant, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about June 7, 2011 through December 31, 2011 due under the FLSA, plus an additional like amount in liquidated damages;

3. As to Count II, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

4. That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;

5. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*

*/S/ MICHAEL A. CALDWELL*
MICHAEL A. CALDWELL
GA. BAR NO. 102775

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

*/ S/ CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

**COUNSEL FOR PLAINTIFF**