W:\DCWork\MAC\Zaremba, Charles\13.01.28 Settlement Agreement v1.doc

## ███████████ SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This ████████ Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement or the Settlement Agreement") is made and entered into by and between **Big Time Hospitality Concepts, LLC d/b/a/ Trinity Creole Cafe,** for itself and its divisions, subdivisions, parents, and affiliates and **William Brunson, III** (hereinafter jointly referred to as "DEFENDANTS"), and **Charles Zaremba** (hereinafter referred to as "PLAINTIFF").

### WITNESSETH:

WHEREAS, PLAINTIFF was employed by **Defendants;** and

WHEREAS, on or about July 26, 2012, PLAINTIFF instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, styled CHARLES ZAREMBA vs. BIG TIME HOSPITALITY CONCEPTS, LLC d/b/a TRINITY CREOLE CAFÉ', and WILLIAM BRUNSON III, which was assigned Civil Action No. 1:12-cv-02580-CAP (hereinafter "the Civil Action"); and

WHEREAS, PLAINTIFF asserts claims in the Civil Action for failure to pay overtime and minimum wages under the Fair Labor Standards Act; and seeks damages for back pay, liquidated damages, compensatory damages, prejudgment interest, attorney's fees, and costs; and

WHEREAS, DEFENDANTS have denied and continue to deny any liability to PLAINTIFF on the basis of any claim, asserted or unasserted, in the Civil Action; and

WHEREAS, DEFENDANTS assert that there is no factual or legal basis for the allegations in the Civil Action; and

WHEREAS, the Agreement constitutes a good faith settlement of questionable and disputed claims; and

WHEREAS, the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that **Big Time Hospitality Concepts, LLC d/b/a/ Trinity Creole Cafe, William Brunson, III**, or any of their officials, officers, employees and/or other agents acted contrary to the law or violated the rights of **PLAINTIFF** or any other person at any time; and

**NOW, THEREFORE,** in exchange for good and valuable consider-ation, the sufficiency and receipt of which is hereby acknowledged, **DEFENDANTS** and **PLAINTIFF** agree as follows:

## CONSIDERATION

2.

**DEFENDANTS** will cause to be paid jointly to **PLAINTIFF** and his attorneys the total sum of Seven Thousand Two Hundred dollars and 00/100's ($7,200) as follows:

**First Installment Payment**: A check in the amount of three hundred dollars ($300) made payable to "Charles Zaremba c/o Charles Bridgers, Attorney, LLC". The first Installment Payment shall be due ten (10) business days after approval of the Settlement Agreement by the Court.

**Subsequent Payments 2-46**: Subsequent payments in the amount of one hundred fifty dollars made payable to "Charles Zaremba c/o Charles Bridgers, Attorney, LLC" Subsequent Installment Payments shall be due on the first day of every month beginning with the first full month after the first Installment Payment ("Installment Payment Due Date").

(3) Installment Payments shall be sent to the attention of Charles R. Bridgers or Michael A. Caldwell, 3100 Centennial Tower, 101 Marietta Street, NW, Atlanta, Georgia 30303-2721.

(4) Defendants shall not be in default of their payment obligations if payments are made within fifteen (15) days of the date that payment is due. However, if Defendants remain in default, all amounts then due and owing pursuant to this Agreement shall be accelerated regardless of the payment schedule. Plaintiff shall be immediately entitled to submit a Judgment in the amount of the remaining principle without further action by the trial court.

Plaintiff and his attorneys agree to provide a completed W-9 Form prior to payment. The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been set forth in the Civil Action. Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

**DISMISSAL OF ACTION**

3.

**PLAINTIFF** agrees to dismiss, with prejudice, the Civil Action and agrees that he will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon the Court's approval of this Settlement Agreement and full payment of all sums set forth in Paragraph 2 above, **PLAINTIFF** will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A."

## WAIVER AND RELEASE OF ALL CLAIMS

4.

**PLAINTIFF**, for himself, his attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever releases and discharges **DEFENDANTS** and all of their present or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which he has or may have against them growing out of or arising from or pertaining to (a) any transaction, dealing, conduct, act or omission by and between **PLAINTIFF** and **Big Time Hospitality Concepts, LLC d/b/a/ Trinity Creole Cafe** and/or **William Brunson, III**, or (b) any other matters or things occurring or existing at any time prior to the execution of the Agreement, and/or (c) growing out of, arising from or in any way connected with or related to his employment with **DEFENDANTS**, including but not limited to, the Civil Action, and the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** represents that he is unaware of any other claim, demand, action, cause of action or suit for damages, losses, costs, expenses or attorneys' fees, which he has or may have against either **Big Time Hospitality Concepts, LLC d/b/a/ Trinity Creole Cafe** or **William Brunson, III**, at this time, whether or not related to his employment. **PLAINTIFF** further agrees and acknowledges that **DEFENDANTS** are relying upon this representation in entering into this Agreement. Furthermore, and without in any way limiting the foregoing, the claims waived and released by **PLAINTIFF** include any possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older

Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief. Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

**DEFENDANTS**, for themselves, their attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever releases and discharges **PLAINTIFF** and his present or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which he has or may have against them growing out of or arising from or pertaining to (a) any transaction, dealing, conduct, act or omission by and between **PLAINTIFF** and **Big Time Hospitality Concepts, LLC d/b/a/ Trinity Creole Cafe** and/or **William Brunson, III**, or (b) any other matters or things occurring or existing at any time prior to the execution of the Agreement, and/or (c) growing out of, arising from or in any way connected with or related to his employment with **DEFENDANTS**, including but not limited to, the Civil Action, and the matters which were alleged or could have been alleged in the Civil Action.

5.

PLAINTIFF also specifically releases and waives any claims he may have as of the date of execution of this Release against **Big Time Hospitality Concepts, LLC d/b/a/ Trinity Creole Cafe** for any claim of age discrimination under the federal Age Discrimination in Employment Act ("ADEA"), as amended, the Older Workers Benefit Protection Act ("OWBPA"), or any state or local law prohibiting age discrimination, except that **PLAINTIFF** does not waive his right to challenge the knowing and voluntary nature of the release.

6.

**PLAINTIFF** represents and warrants that Charles R. Bridgers and Michael A. Caldwell. of Delong Caldwell & Bridgers & Fitzpatrick, LLC are, and have been, the sole attorneys for him with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by **DEFENDANTS** under the Agreement are intended to include all legal fees, costs, and/or expenses for which **DEFENDANTS** could be liable in connection with the Civil Action.

## WARRANTY

7.

**PLAINTIFF** represents and warrants that he alone is entitled to assert any claim he may have against **DEFENDANTS** of any kind or character arising out of, or as a consequence of, his employment with **DEFENDANTS** to date, including but not limited to, the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** further represents and warrants that he is fully authorized to enter into this Agreement and that he has not transferred or assigned any right to any claim or recovery against Defendants. **PLAINTIFF** agrees to indemnify and hold **DEFENDANTS** harmless from any claim by any other person who is

determined to have the right or authority to assert any claim on his behalf against **Big Time Hospitality Concepts, LLC d/b/a/ Trinity Creole Cafe** or **William Brunson, III** or by reason of any such transfer or assignment, as described in this Paragraph, and further agrees to indemnify and hold **DEFENDANTS** harmless from any costs, expenses or damages sustained by reason of any such claim.

## ENTIRE AGREEMENT

8.

**PLAINTIFF** affirms that the only consideration for his agreement to execute, and his execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that he has been advised to consult with legal counsel prior to executing the Agreement; that he has had a reasonable period of time within which to consider the Agreement; and that he has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

9.

In the event of a breach of any of the terms of the Agreement by **PLAINTIFF**, or **DEFENDANTS**, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder. In the event of a breach by **DEFENDANTS**, the entire outstanding principal balance shall immediately become due and payable. Interest shall accrue on the outstanding balance at the statutory rate.

## CONSTRUCTION

10.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

## NON-DISPARAGEMENT

11.

**PLAINTIFF** agrees and promises that unless required by law to do so, he will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages **Big Time Hospitality Concepts, LLC d/b/a/ Trinity Creole Cafe's William Brunson, III's** reputation or business. **Big Time Hospitality Concepts, LLC d/b/a/ Trinity Creole Cafe** and **William Brunson, III** agree and promise that unless required by law to do so, they will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages **Charles Zaremba.**

## JUDICIAL APPROVAL OF SETTLEMENT

12.

The parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 2 of this Agreement will be disbursed to **PLAINTIFF** until the Court has approved this Agreement. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

## OTHER RELIEF, AGREEMENTS AND COVENANTS

13.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

14.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

15.

This Agreement inures to the benefit of **DEFENDANTS** and their successors, assigns, heirs, executors, and administrators, and **PLAINTIFF** consents and agrees that to the extent required by law, this Agreement may be freely assigned to, and enforced by, **Big Time Hospitality Concepts, LLC d/b/a/ Trinity Creole Cafe's** successors and assigns.

## JURISDICTION AND VENUE

16.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state Court located in Fulton County, Georgia, or in the United States District Court for the Northern District of Georgia, Atlanta Division, and **PLAINTIFF** and **DEFENDANTS** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

**THE UNDERSIGNED STATES THAT he HAS CAREFULLY READ THE AGREEMENT AND KNOWS AND UNDERSTANDS ITS CONTENTS AND THAT he EXECUTES IT AS his FREE ACT AND DEED.**

IN WITNESS WHEREOF, the undersigned have hereunto set their hand and seal this _13th_ day of [Month, Year].

*/s/ Charles Zaremba*

Charles Zaremba

Sworn to and subscribed
before me this /3 day
of [Month,Year] March, 2013

_____
NOTARY PUBLIC
My Comm'n Expires: 4-17-2015

**Trinity Creole Cafe**

Sworn to and subscribed
before me this 26th day of [Month,Year]

_____
NOTARY PUBLIC
My Comm'n Expires: 12|15|15

_____
Big Time Hospitality Concepts, LLC d/b/a/

By: William Brunson, III
Its: Owner


William Brunson, III

Sworn to and subscribed
before me this 26th day of [Month,Year]

_____
NOTARY PUBLIC
My Comm'n Expires: 12|15|15

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

### STIPULATION OF DISMISSAL WITH PREJUDICE

COME NOW Plaintiff and Defendants and, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), agree to the dismissal with prejudice of this action, with each party to bear its own respective costs.

This the ____ day of _____, 2013

**SO STIPULATED:**                              **SO STIPULATED:**

*/s/ Charles R. Bridgers*
Georgia Bar No: 080791
3100 Centennial Tower
101 Marietta Street, N. W.
Atlanta, GA 30303
(404) 979-3150
Fax (404) 979-3170
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFF



**COUNSEL FOR DEFENDANTS**